United States District Court
Southern District of Texas

**ENTERED**

October 06, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jamaris Hayes, §<br>§<br>§<br>*Petitioner,* §<br>§<br>v. §<br>§<br>United States of America, §<br>§<br>*Respondent.* §<br>§ | Civ. No. 4:22-cv-00930<br>Crim. No. 4:19-cr-00305-1 |

## MEMORANDUM AND RECOMMENDATION

Pending is Petitioner Jamaris Hayes's motion to vacate, modify, or correct his sentence under 28 U.S.C. § 2255. Civ. Dkt. 1; Crim Dkt. 171. The United States ("the Government") also filed a motion for summary judgment, Civ. Dkt. 6; Crim Dkt. 184, to which Hayes did not file a response. Hayes sought leave to supplement to his § 2255 motion, Civ. Dkt. 7; Crim. Dkt. 185, which the Court grants and considers herein.

After reviewing the briefs, the record, and the applicable law, it is recommended that the Government's motion for summary judgment be granted and that Hayes's § 2255 motion be denied. It is further recommended that the Court decline to hold an evidentiary hearing and deny Hayes a certificate of appealability.

## Background

Jamaris Hayes was arrested in connection with three armed robberies. On October 7, 2018, Hayes entered a GameStop store, brandishing a firearm and demanding money from the store clerk. Crim. Dkt. 178 at 19. He did not wear a mask or otherwise attempt to hide his face. *Id.* at 18. Hayes stole $158 in cash and fled. *Id.*; *see also id.* at 19 (Hayes admitting these facts).

Two days later, Hayes and two other individuals robbed a La Michoacána meat market. *Id.* at 18; *see also id.* at 19 (Hayes's admission of these facts). Hayes, who was unarmed, remained outside, serving as a lookout. *Id.* at 18. His cohorts pointed guns at the victims inside the market and demanded money. *Id.* At some point, Hayes intercepted a woman who attempted to escape and took her back to the market. *Id.* In all, the three perpetrators stole $750 from the cashier and about $600 from customers. *Id.*

On January 4, 2019, Hayes and two others, all carrying firearms, entered a La Michoacána Barri in Galveston. *Id.* at 19. Hayes fired his gun four times, demanding money. *Id.* He and the other perpetrators stole over $71,000. *Id.*

The Government filed a superseding indictment ("Indictment"), charging Hayes with multiple offenses. *See* Crim. Dkt. 35. Regarding the October 7 robbery of the GameStop store, the Indictment charged Hayes with committing Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 1), and brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(a)(A) (Count 2). Crim. Dkt.

2

35 at 2.  For the October 9, 2018 and January 4, 2019 robberies of the two La Michoacána locations, Hayes was charged with aiding and abetting Hobbs Act robbery, 18 U.S.C. §§ 1951(a) and 2 (Counts 3 and 5), and aiding and abetting the brandishing of a firearm in relation to a crime of violence, *id.* §§ 924(c)(1)(A) and 2 (Counts 4 and 6).  Crim. Dkt. 35 at 3-5.

Multiple rearraignment hearings ensued.  At the first of those hearings on January 31, 2020, Hayes stated that he wished to plead guilty to all six counts, pursuant to a plea agreement.  *See* Crim. Dkt. 73 at 4.  But about an hour into the hearing, Hayes changed his mind.  *See id.* at 45-46.  His counsel advised the Court that "outside factors" were preventing Hayes from entering a guilty plea.  *See id.* at 45.  As a result, the Court adjourned the hearing.  *Id.*

On March 6, 2020, the Court reconvened the rearraignment.  *See* Crim. Dkt. 71.  Hayes and his counsel were present, but the lead prosecutor was not. *See* Crim. Dkt. 180 at 2-3, 11.  This time, Hayes decided to plead guilty without a plea agreement.  *See id.* at 15.  During his colloquy with the Court, however, Hayes indicated that the Government had threatened to indict him for other crimes unless he pleaded guilty.  *See id.* at 10-11.  After questioning counsel on the issue, *see id.* at 11-14, the Court decided to postpone the hearing until the lead prosecutor could attend, *id.* at 15.

The final rearraignment occurred on March 13, 2020.  At this hearing, the Court questioned Hayes extensively about his decision to plead guilty.

3

*See* Crim. Dkt. 178 at 7-8.   Under oath, *id.* at 3-4, Hayes attested that the Government made no promises or threats to induce his guilty plea, *id.* at 7-8. The Court then detailed the maximum terms of imprisonment associated with each count in the Indictment, further explaining that any sentences for the firearms charges in Counts Two, Four, and Six would run consecutively to any sentences for the robberies in Counts One, Three, and Five.  *See id.* at 9-11. Hayes affirmed both that he understood these potential consequences and that his counsel had explained them before the hearing.  *See id.* at 9-11; *see also id.* at 12 (Hayes attesting that he understood the possible consequences, including the maximum potential sentence).

During the hearing, the Court asked Hayes if he knew about and understood his right to appeal to a higher court.  *Id.* at 13.  Hayes confirmed that he did.  *Id.*  After affirming that the Government's factual proffer was accurate, *see id.* at 17-19, Hayes gave his own account of what he did, *see id.* at 19-22.  Hayes then pleaded guilty to all six counts.  *Id.* at 22-23.

Hayes was sentenced on March 26, 2021.  *See* Crim. Dkt. 182.  He received a total sentence of 322 months in prison.  *See* Crim. Dkt. 148 at 4.  As the Court explained, this sentence was three years lower than the recommended minimum under the Guidelines.  *See* Crim. Dkt. 182 at 31.

After pronouncing the sentence, the Court told Hayes again about his right to appeal.  *See id.* at 30-31.  The Court also gave Hayes a document

explaining his appeal rights.  *See* Crim. Dkt. 147.  Hayes did not pursue an appeal.

Instead, on March 22, 2022, Hayes filed a motion for relief under 28 U.S.C. § 2255, asserting that his counsel was ineffective, that he was denied his right to appeal, that his convictions for the firearms charges are invalid, and that a specific finding underlying the calculation of his sentence was flawed.  *See* Civ. Dkt. 1; Crim. Dkt. 171.  Hayes also sought appointment of counsel, Civ. Dkt. 5, which the Court denied, Civ. Dkt. 8.

The Government filed a motion for summary judgment, Civ. Dkt. 6; Crim. Dkt. 184, to which Hayes did not respond.  Instead, Hayes requested leave to amend his § 2255 motion and provide supplemental authority.  *See* Civ. Dkt. 7.  These motions are ripe for review.

## Legal standard

Section 2255 sharply curtails the district court's authority to vacate, modify, or correct a sentence.  To obtain relief, a movant must show that (1) the sentence violates the U.S. Constitution or other federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack …."  28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a

5

complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (per curiam).

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). Absent "independent indicia" that the movant's claims likely have merit, an evidentiary hearing is not required. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Allegations of a pro se movant are liberally construed. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

## <u>Analysis</u>

Hayes asserts five grounds for relief. His first two contentions are couched as ineffective assistance of counsel claims. *See* Civ. Dkt. 1 at 4, 6-8. According to Hayes, his counsel did not advise him about the risks of sharing information with or not fully cooperating with the Government, the lengthy sentence that ultimately was imposed, and the alleged invalidity of the firearms charges under 18 U.S.C. § 924(c)(1)(A) (Counts Two, Four, and Six). *See* Civ. Dkt. 1 at 4, 6-8.

6

For his third claim, Hayes argues that he was unaware of his right to appeal his sentence. *Id.* at 4. Hayes's fourth claim overlaps with one of his ineffective counsel theories, by arguing that the firearms charges (Counts Two, Four, and Six), are invalid. *Id.* at 5; *see also* Civ. Dkt. 7 (related contention in Hayes's proposed amendment to his petition). Lastly, Hayes challenges a finding that affected the calculation of his sentencing range. Civ. Dkt. 1 at 9.

The Government responds by arguing that Hayes's assertions are procedurally defaulted, inadequately pleaded, or otherwise meritless. *See* Civ. Dkt. 6 at 24-42. As explained below, the Court agrees that Hayes has not demonstrated a basis for relief.

## I.   <u>Hayes's ineffective assistance of counsel claims are meritless.</u>

Liberally construed, Hayes's complaints about his counsel's performance fall into three categories. First, Hayes contends that counsel inadequately advised him about the consequences of communicating with or declining to cooperate with the Government. *See* Civ. Dkt. 1 at 4, 6-7. Second, Hayes argues that his counsel failed to fully inform him about the charges, including that the sentences for the firearms charges, 18 U.S.C. § 924(c), "would be stacked ...." *See id.* at 8. Finally, Hayes argues that his counsel failed to advise him that the firearms charges were invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019). *See id.* These contentions contradict the record or are barred as a matter of law.

### A.    Standard for ineffective assistance of counsel

To obtain relief for ineffective assistance of counsel, a defendant first must show that his attorney's representation was deficient.  *See Strickland v. Washington* 466 U.S. 688, 690 (1984).  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (internal quotation omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985) (extending *Strickland* to guilty pleas).

Under the first prong of *Strickland*'s test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy."  *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).  "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire [process] with obvious unfairness."  *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

The second prong of *Strickland* requires a showing that the attorney's "deficient performance prejudiced the defense."  466 U.S. at 687.  In the context of guilty pleas, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill*, 474 U.S. at 58.  When challenging counsel's errors during the sentencing phase, a defendant must demonstrate a reasonable probability that he would have received a lesser sentence but for counsel's actions.  *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

### B.   Hayes has not shown that his counsel's actions during plea negotiations warrant relief.

Hayes's contentions regarding plea negotiations with the Government do not withstand scrutiny.  His conclusory assertions are insufficient to satisfy either prong of *Strickland*'s test.

According to Hayes, counsel wrongly advised him "to go into a room with [the prosecutor] and ... tell her everything and be honest ...."  Civ. Dkt. 1 at 6. Hayes provides no specifics.  This is problematic because an attorney's decision to initiate plea negotiations involves strategic choices.  *See Premo v. Moore*, 562 U.S. 115, 124 (2011) ("Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks.").  Nothing in this record suggests that counsel improperly encouraged Hayes to provide information to the Government, in hopes of reaching a plea agreement.  To the contrary, the Government *did* offer Hayes a plea agreement.  *See* Crim. Dkt. 73 at 4 (Jan. 31, 2020 rearraignment).  Hayes simply decided to reject it.  *See id.* at 45-46 (counsel stating that Hayes declined to "go forward with the plea" based on

9

"some outside factors"); Crim. Dkt. 180 at 12 (noting, on March 6, 2020, that Hayes rejected the prior plea agreement); Crim. Dkt. 178 at 7 (Hayes affirming, during March 13, 2020 rearraignment, that no one made "any kind of promise ... or assurance of any kind" to induce or persuade him to plead guilty).

Moreover, nothing indicates that any unspecified information that Hayes provided during plea negotiations affected his subsequent decision to plead guilty. *See Hill*, 474 U.S. at 58 (explaining that a defendant who pleads guilty must show a reasonable probability that he would have insisted on going to trial absent the deficiency). It is not enough that Hayes asserts, without substantiation, that he otherwise would have demanded a trial. *See Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988) (merely alleging that petitioner would have demanded a trial "but for counsel's advice" is "obviously insufficient"). To the contrary, Hayes's counsel stated—and Hayes did not deny—that Hayes never asked to go to trial. Crim. Dkt. 182 at 21. Rather, Hayes explained that he decided pleaded guilty because he wanted to "learn from [his] mistakes" and was "done with this lifestyle ...." *Id.* at 22. Hayes had not shown either that counsel's advice was deficient or that any deficiency was prejudicial.

The record also refutes Hayes's further contention that counsel failed to advise him about the consequences of failing to fully cooperate with the Government. *See* Civ. Dkt. 1 at 6-7. Under the initial proposed plea agreement, the Government offered to move for a downward departure under

Section 5K1.1 of the Sentencing Guidelines if Hayes agreed to share what he knew about other criminal activity. *See* Crim. Dkt. 73 at 9-10. Hayes, however, responded that he did not intend to fulfill that part of the agreement. *See id.* The Government explained its understanding that Hayes was "willing to testify about his involvement" in the charged offenses but did not want to "tell about the criminal activity of the guy who is down the street and is unrelated to" those offenses. *See id.* at 12.

The Court observed—and the Government agreed—that a refusal to provide information about other criminal activity "wouldn't meet the standard of substantial assistance." *Id.* at 12-13. The Court explicitly cautioned Hayes that he could not expect the Government to request, nor for the Court to grant, any leniency in his sentence under Section 5K1.1 if Hayes decided not to tell the Government about all criminal activity of which he was aware. *See id.* at 15-17. Hayes confirmed that he understood. *Id.* at 15-16.

As the foregoing exchange confirms, Hayes was fully informed that a failure to fully cooperate by providing information about other crimes would render him ineligible for a substantial-assistance departure. Thus, Hayes cannot show he was prejudiced, even assuming that counsel did not warn him about this result. The claimed omissions by counsel during plea negotiations do not satisfy *Strickland*.

**C.    The record reflects that counsel told Hayes about the consequences of pleading guilty.**

Hayes also asserts that counsel did not inform him "of the nature of the charges to which he was pleading," the potential 27-year sentence that was later imposed, and that the firearms charges in Counts Two, Four, and Six "would be stacked ...."  Civ. Dkt. 1 at 8.  The conclusory nature of Hayes's assertions—unsupported by even an affidavit—provides reason alone to reject them.  *See, e.g.*, *Green,* 160 F.3d at 1042 ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").  Regardless, the record refutes Hayes's assertions.

Before pleading guilty on March 13, 2020, Hayes admitted—under oath—that he had reviewed the Indictment with his counsel, had spoken with counsel about twelve times, and was fully satisfied with counsel's representation and advice.  *See* Crim. Dkt. 178 at 3-4, 6-7.  Notably, Hayes verified that counsel had advised him about the maximum potential penalties for all six counts in the Indictment.  *Id.* at 8-9, 11.

In addition, the Court reviewed those penalties with Hayes, informing him that (1) each Hobbs Act robbery charge (Counts One, Three, and Five) carried a potential twenty-year term of imprisonment; (2) the charges of brandishing a firearm in Counts Two and Four carried a minimum term of seven years to a maximum of life in prison; and (3) the charge for discharging

a firearm in Count Six carried a minimum term of ten years to a maximum of life imprisonment.  Crim. Dkt. 178 at 9-10.  The Court also emphasized that the sentences for all three firearms charges (Counts Two, Four, and Six) would be "added on" to any other sentences imposed, including for the robberies in Counts One, Three, and Five.  *Id.* at 10-11; *see also id.* at 11 (cautioning that "the minimum amounts of these add-ons of Counts Two, Four and Six would be … seven years plus seven years plus ten years, that's 24 years on top of whatever the sentence is for the robberies themselves").

Before pleading guilty to all six counts, Hayes admitted that he understood these possible consequences.  *Id.* at 11-12, 22-23.  And his ultimate sentence of 322 months, Crim. Dkt. 148 at 4—just under 27 years—was far lower than the maximum total sentence that Hayes was informed about and admitted he understood.

During Hayes's March 13, 2020 rearraignment, the Court also reviewed the elements of each charge, detailing what the Government would need to prove beyond a reasonable doubt.  Crim. Dkt. 178 at 14-17.  Hayes, still under oath, affirmed that he understood these elements.  *See id.* at 3-4, 14-17.

Hayes's admissions that counsel had explained, and Hayes understood, both the charges and their potential penalties "carry a strong presumption of verity ...."  *Cervantes*, 132 F.3d at 1110 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).  Hayes has not attempted to rebut that presumption, which

forecloses Hayes's assertion that counsel failed to properly advise him.  And given the Court's explanations about the charges and maximum penalties, any claimed omission by counsel could not have prejudiced Hayes's interests. Hayes has not met his burden on this *Strickland* theory.

### D.      Hayes's invocation of *Davis* and *Taylor* is misplaced.

Hayes's final theory that his counsel was ineffective dovetails with his separate but related argument that *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, 142 S. Ct. 2015 (2022), invalidate his convictions under 18 U.S.C. § 924(c), as charged in Counts Two, Four, and Six.[1] *See* Civ. Dkt. 1 at 8; *see also* Civ. Dkt. 7 at 2 (invoking *Taylor*).  According to Hayes, his counsel failed to advise him that the § 924(c) charges "were unconstitutional and did not[] or could not apply" to him.  Civ. Dkt. 1 at 8. Whether couched as a *Strickland* claim or a standalone challenge to his convictions, however, Hayes's arguments are barred as a matter of law.[2]

---

[1] Hayes's § 2255 motion raises *Davis* only as a basis for his ineffective assistance of counsel claims.  Civ. Dkt. 1 at 8.  Later, Hayes filed a motion for leave to supplement his motion with an interrelated assertion that *United States v. Taylor*, 142 S. Ct. 2015 (2022), bars his firearms convictions.  Civ. Dkt. 7 at 2.  In the interests of efficiency, the Court grants Hayes's motion for leave to supplement (Civ. Dkt. 7) and addresses both theories herein.

[2] The Government argues that Hayes's argument under *Davis* is defaulted because he failed to raise it on direct appeal.  *See* Civ. Dkt. 6 at 37-38, 40-41.  Although procedural default is a threshold question, the Court can choose to "cut straight to the merits to deny his claim."  *See Murphy v. Davis*, 901 F.3d 578, 589 (5th Cir. 2018). That is the recommended disposition here.

Section 924(c) prescribes enhanced punishments for "any person who, during and in relation to any *crime of violence* ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm" or "possesses a firearm ...."  18 U.S.C. § 924(c)(1)(A) (emphasis added).  The statute defines "crime of violence" in two ways.  *Id.* § 924(c)(3).  The second of these alternatives, called the residual clause, states that "an offense qualifies as a [crime of violence] if it 'by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'"  *United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018) (quoting § 924(c)(3)(B)).  In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague.  139 S. Ct. at 2336.

But *Davis* is not implicated here because the Indictment invoked the second, alternative definition of "crime of violence" in § 924(c)(3)(A).  *See* Crim. Dkt. 35 at 2-6.  This definition, called the elements clause, provides that "an offense qualifies as a [crime of violence] if it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  *Bowens*, 907 F.3d at 353 (quoting § 924(c)(3)(A)).

The Fifth Circuit has held that Hobbs Act robbery qualifies as a "crime of violence" under the elements clause of § 924(c).  *See United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017).  As noted in *Buck*, the Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the

15

person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." *Id.* at 274 & n.25 (quoting 18 U.S.C. § 1951(b)(1)). Relying on this definition, the *Buck* court concluded that the reference to "actual or threatened force or violence 'would appear, self-evidently, to satisfy' the standard needed for a crime of violence under § 924(c)(3)(A)." *Id.* at 275 (quoting *United States v. Hill*, 832 F.3d 135, 140 (2d Cir. 2016)).

The Fifth Circuit reiterated that conclusion in *Bowens*. There, the court affirmed the classification of a Hobbs Act robbery as a crime of violence under the elements clause of § 924(c)(3). *Bowens*, 907 F.3d at 353.

Contrary to Hayes's insinuation, the Supreme Court's recent decision in *Taylor* does not upend *Bowens* and *Buck*. *See* Civ. Dkt. 7 at 2. In *Taylor*, the Court held that *attempted* Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3). 142 S. Ct. at 2020. *Taylor* did not address the distinct offense of *completed* Hobbs Act robbery. *See id.* ("*Whatever one might say about completed Hobbs Act robbery*, attempted Hobbs Act robbery does not satisfy the elements clause.") (emphasis altered).

Indeed, the Fifth Circuit and other courts of appeals have recognized that *Taylor* does not preclude a completed Hobbs Act robbery from serving as a predicate to a firearms conviction under the elements clause of § 924(c)(3). *See United States v. Lott*, 64 F.4th 280, 287 n.10 (5th Cir. 2023) (distinguishing

16

*Taylor*'s invalidation of "*attempted* Hobbs Act robbery" from the underlying robberies, which "were completed offenses"); *see also, e.g.*, *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2022) (joining "the unanimous Circuit authority in holding that a completed Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), a question left open after *Taylor*"); *United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023) (rejecting reliance on *Taylor* for "a *completed* Hobbs Act robbery"); *United States v. Worthen*, 60 F.4th 1066, 1068-69 (7th Cir. 2023) (adhering to pre-*Taylor* decisions); *United States v. Ivey*, 60 F.4th 99, 117 (4th Cir. 2023) (same).

In this case, Hayes pleaded guilty to the offense in Count One of committing a completed Hobbs Act robbery. *See* Crim. Dkt. 178 at 22. Because that charge qualifies as a "crime of violence," it supports his conviction under Count Two for using, carrying, and brandishing a firearm during the robbery. *See Lott*, 64 F.4th at 287 n.10; *Bowens*, 907 F.3d at 353.

The result is the same for the firearms charges in Counts Four and Six, which are premised on the offenses of aiding and abetting Hobbs Act robbery charged in Counts Three and Five. *See* Crim. Dkt. 35 at 3-5. The aiding-and-abetting statute, 18 U.S.C. § 2, "does not establish a separate crime of 'aiding and abetting.'" *See United States v. Pearson*, 667 F.2d 12, 13 (5th Cir. 1982) (per curiam). Rather, it "is simply a different way of proving liability for the same activity criminalized elsewhere even if the aider and abettor did not

himself commit all elements of the substantive offense." *United States v. Rabhan*, 540 F.3d 344, 348 n.15 (5th Cir. 2008). Accordingly, the Fifth Circuit has concluded—even post-*Taylor*—that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *See United States v. Hill*, 63 F.4th 335, 362-63 (5th Cir. 2023) (vacating conviction for attempted Hobbs Act robbery, under *Taylor*, but affirming conviction for separate count of aiding and abetting Hobbs Act robbery).

The foregoing authorities confirm that neither *Davis* nor *Taylor* affects Hayes's charges for brandishing or discharging a firearm. And as pertinent to Hayes's *Strickland* claim, counsel could not have been deficient for failing to explain or assert a meritless challenge to the firearms charges. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."). Hayes therefore has not shown that any acts or omissions by his counsel warrant relief under § 2255.

## II.   <u>Hayes was fully informed about his right to appeal.</u>

As another ground for relief, Hayes maintains that "he was never informed" of his right to appeal his sentence. Civ. Dkt. 1 at 4. "[T]he Constitution does require ... that the defendant be fully informed of his right to appeal." *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). Here, the record reflects that Hayes was fully advised of his appellate rights.

18

The Court told Hayes about his right to appeal, and on multiple occasions. During the initial rearraignment, the Court told Hayes that he had a right to appeal his sentence unless he agreed to the plea agreement. *See* Crim. Dkt. 73 at 17. Hayes rejected the plea agreement. *See id.* at 45. Before Hayes entered an open plea on March 13, 2020, the Court mentioned Hayes's right to appeal his sentence. *See* Crim. Dkt. 178 at 13.

Finally, at the sentencing hearing, the Court told Hayes that he had a right to appeal and the right to be represented by counsel on appeal. *See* Crim. Dkt. 182 at 30 ("Now, Mr. Hayes, you have a right to appeal this matter. If you cannot afford a lawyer to represent you on appeal and can satisfy the Court that you meet the criteria for the appointment of counsel, I will appoint a lawyer for you."). The Court also mentioned and then gave Hayes a document detailing his right to appeal. *See id.* at 30-31 (telling Hayes "I'll also give to you this written notice of your appeal rights that you may take with you"); Crim. Dkt. 147 at 1 (written notice of appeal rights). No evidence supports Hayes's assertion that he was ignorant of his right to appeal.

## III.  **Hayes cannot collaterally attack the Court's application of the Sentencing Guidelines.**

Hayes's last ground for relief contends that the Court misapplied the U.S. Sentencing Guidelines. *See* Civ. Dkt. 1 at 9. For this theory, Hayes disputes certain findings that affected his Guidelines range. *See id.* (Hayes's

assertion that he "did not assault a woman in the store or her daughter" and therefore "should not be attributed 2 levels for cause [sic] of physical bodily injury"); Crim. Dkt. 182 at 9 (Court's finding that, although Hayes did not personally assault the woman and her child, he took them back into the store where they were assaulted by a co-defendant).  The Government responds that Hayes's challenge to the calculation of his Guidelines range does not provide a basis for relief under § 2255.  *See* Civ. Dkt. 6 at 41-42.  The Court agrees.

"Technical application of the Sentencing Guidelines does not give rise to constitutional issues" that permit relief under Section 2255.  *See Cervantes*, 132 F.3d at 1109; *see also, e.g.*, *Miguel-Limon v. United States*, 2021 WL 1762057, at *4 (S.D. Tex. Mar. 10, 2021) (collecting cases for this proposition), *adopted by* 2021 WL 1759839 (S.D. Tex. May 4, 2021).  That aptly describes Hayes's challenge to factual findings underlying a Guidelines calculation. Hayes is not entitled to relief under § 2255.

## IV.  Hayes is not entitled to an evidentiary hearing or a certificate of appealability.

Because the record negates Hayes's contentions, an evidentiary hearing is unnecessary.  *See Cervantes*, 132 F.3d at 1110 ("If ... the defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary.").  This Court should decline to hold one.

20

In addition, to obtain a certificate of appealability, Hayes must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). That inquiry, in turn, requires Hayes to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). In this case, no reasonable jurist would debate the conclusion that Hayes failed to substantiate a basis for relief. This Court therefore should deny a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

## ORDER AND RECOMMENDATION

For the foregoing reasons, it is **ORDERED** that Petitioner Jamaris Hayes's request to amend and supplement his § 2255 motion (Civ. Dkt. 7; Crim. Dkt. 185) is **GRANTED**.

It is further **RECOMMENDED** that Hayes's motion to vacate, modify, or correct his sentence (Civ. Dkt. 1; Crim. Dkt. 171) be **DENIED**, and that the Government's motion for summary judgment (Civ. Dkt. 6; Crim. Dkt. 184) be **GRANTED**.

It is further **RECOMMENDED** that the Court decline to hold an evidentiary hearing and decline to issue a certificate of appealability.

The parties have fourteen days from service of this Report and
Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed.
R. Civ. P. 72(b).   Failure to file timely objections will preclude
appellate review of factual findings and legal conclusions, except for
plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825
(5th Cir. 2015).

Signed on October 6, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge